UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN ADMIRALTY

| | |
|---|---|
| TD BANK, N.A., <br><br> Plaintiff, <br><br> -against- <br><br> THE FREEPORT PRINCESS, *in rem*, <br><br> Defendant. | Case No. |

## VERIFIED COMPLAINT

Plaintiff, TD Bank, N.A. ("TD Bank" or "Plaintiff"), by and through its attorneys, respectfully submit this Verified Complaint against the motor vessel known as the Freeport Princess, its masts, boilers, cables, engines, machinery, bowsprits, sails, riggings, bolts, anchors, chains, apparel, furniture, fittings, tools, pumps, equipment, fixtures, supplies, and all other appurtenances, accessors, additions, improvements, and replacements now or hereinafter belonging thereto (hereinafter, the "Freeport Princess" or the "Vessel") *in rem*, and for its Verified Complaint, alleges, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is proper pursuant to 28 U.S.C. § 1333(1), Rule 9(h) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Admiralty Rules").

2. Venue is proper in this Court because the Freeport Princess is now located, or will be located during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

## THE PARTIES

3. At all material times Plaintiff TD Bank was an American national bank headquartered at 357 Kings Highway North, Cherry Hill, New Jersey 08034.

4. At all material times the Freeport Princess, official number 696744, was a three-level luxury yacht, with a 106' wood hull. The Vessel has historically been rented out as a so-called "party boat." It has a maximum capacity of one-hundred fifty (150) guests and includes multiple restrooms, a lounge on the main level, climate control, and a dedicated dining level. The Vessel is equipped with at least two (2) generators, three (3) Detroit 871 turbo diesel engines, GPS and radar navigation, pathfinders, life rafts, and a full kitchen. Upon information and belief, the vessel appears to be in good, operable condition and contains no perishable, dangerous, or hazardous cargo.

## STATEMENT OF FACTS

**A.     The Freeport Princess' Owner Pledged the Vessel as Security for a Loan**

5. On or about April 16, 2015, Plaintiff entered into a Loan Agreement with Freeport Cruiselines, Inc., Med Party Boat, Inc., and Party Boat Central of Freeport, Inc. (collectively referred to as the "Borrowers") which provided the terms and conditions related to a collective $865,000 business loan from Plaintiff to the Borrowers (the "Loan Agreement"). A true copy of the Loan Agreement is annexed hereto as **Exhibit 1**. To document the transactions, the Borrowers signed a Note dated April 16, 2015 in the sum of $865,000 made payable to Plaintiff (the "9001 Note"). A true copy of the 9001 Note is annexed hereto as **Exhibit 2**. The Loan Agreement and

9001 Note were each executed by Ryan E. Cooke a/k/a Ryan Cooke ("Cooke") in his capacity as President of each of the Borrowers.

6. That same day, Borrowers simultaneously entered into a security agreement with Plaintiff, pledging various collateral to secure the Loan Agreement and the 9001 Note (the "Security Agreement"). A true copy of the Security Agreement is annexed hereto as **Exhibit 3**. Borrowers expressly pledged the Freeport Princess to Plaintiff as collateral pursuant the Security Agreement, with Freeport Cruiselines, Inc. representing and warranting that it was the sole owner of the Vessel. *See* Exhibit 3, at 4, 16.

7. Borrower Freeport Cruiselines, Inc., as mortgagor, simultaneously executed a First Preferred Ship's Mortgage With Security Agreement and Assignment of Rents and Profits (the "Preferred Ship's Mortgage"), also dated April 16, 2015, to further memorialize and notice Plaintiff's security interest in the Freeport Princess, as mortgagee. A true copy of the Preferred Ship's Mortgage is annexed hereto as **Exhibit 4**. Plaintiff duly filed the Preferred Ship's Mortgage with the Department of Homeland Security, United States Coast Guard National Vessel Documentation Center (the "National Vessel Documentation Center") on April 17, 2015 pursuant 46 U.S.C. § 31321. *See id.*

8. On or about June 1, 2018, the Borrowers and Plaintiff entered into an Amendment to the 9001 Note whereby certain payments were modified for a three (3) month period from May 1, 2018 until July 1, 2018 ("9001 Note Amendment"). A true copy of the 9001 Note Amendment is annexed hereto as **Exhibit 5**. Cooke executed the 9001 Note Amendment in his capacity as President of the Borrowers. *Id.*

9. In connection with the Loan Agreement and its surrounding negotiations, Plaintiff filed two UCC Financing Statements publicly noticing its security interest in "all assets" belonging

to Freeport Cruiselines. True copies of those UCC Financing Statements are annexed hereto as **Exhibit 6**.

### B.     The Vessel's Owner Defaulted on the Loan

10.     In or about January 2019, Borrowers failed to make the monthly loan payment to Plaintiff required pursuant to the 9001 Note. On February 11, 2019, Plaintiff sent to Borrowers a Notice of Acceleration of Business Loan and Demand for Payment in Full ("Notice of Acceleration"). A true copy of the Notice of Acceleration is annexed hereto as **Exhibit 7**. The Notice of Acceleration stated that because the Borrowers had defaulted under the terms of the Loan Agreement and the 9001 Note, Plaintiff was electing to accelerate all of the amounts due and owing from Borrowers to Plaintiff and demanded that Borrowers pay the accelerated amounts due to Plaintiff in the form of a certified check made payable to Plaintiff. *Id.* Borrowers failed to make payment to Plaintiff following the sending of the Notice of Acceleration.

11.     There is now justly due and payable to Plaintiff the principal sum of $596,525.85, together with interest, disbursements, fees and costs through December 10, 2020 for a total of $696,294.08 under the 9001 Note.

12.     Upon information and belief, Borrowers' outstanding and unsatisfied obligations under the 9001 Note vastly exceed the present fair market value of the Freeport Princess. Indeed, Plaintiff's appraisers estimate the Vessel to be presently valued between $300,000.00 and $350,000.00 USD – approximately half of Borrowers' outstanding balance.

## COUNT I:

**APPLICATION FOR THE ARREST AND SALE OF THE FREEPORT PRINCESS**

13. Plaintiff repeats and incorporates the allegations set forth in Paragraphs 1 through 12 above as if set forth fully herein.

14. Plaintiff enjoys a perfected security interest in the Freeport Princess as collateral to the Borrowers' debt under the Loan Agreement and the 9001 Note, including but not limited to a preferred mortgage over the Vessel as defined in 46 U.S.C. § 31322.  Plaintiff's security and mortgage interest in the Vessel constitute a maritime lien over the Freeport Princess in Plaintiff's favor.  Borrowers defaulted on the 9001 Note and the preferred mortgage, giving rise to an *in rem* cause of action against the Vessel under 46 U.S.C. § 31325(b)(1).

15. Upon information and belief, the Freeport Princess is currently located within the Eastern District of New York, docked and anchored at 85 Woodcleft Avenue, Freeport, New York 11520.  Accordingly, pursuant to the Federal Rules of Civil Procedure, Supplemental Admiralty Rule C, the claim brought by Plaintiff gives right to an *in rem* action against the Freeport Princess to enforce its maritime lien and to foreclose on the preferred mortgage.

16. Plaintiff is ready and prepared to arrest the Vessel.  Plaintiff and has retained a substitute custodian – Tranzon Auction Properties ("Tranzon") – to arrange and provide for any necessary transportation, storage, and/or maintenance of the Freeport Princess, in order to defray costs that might otherwise incur to the U.S. Marshal.  The Vessel should be served, arrested, seized, and ultimately sold in satisfaction of Plaintiff's instant cause of action.

WHEREFORE, Plaintiff, TD Bank, prays that:

    a. This Verified Complaint be deemed good and sufficient;

b.  Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, be issued against the Freeport Princess, her engines, gear, equipment, tackle, boilers and appurtenances, *etc.*, *in rem*;

c.  That pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, a warrant for the arrest of the Freeport Princess, her engines, gear, equipment, tackle, boilers and appurtenances, *etc.* be issued placing the Freeport Princess under the custody and control of the U.S. Marshal for the Eastern District of New York;

d.  That the Court issue an order for the appointment of Tranzon to act in place of the U.S. Marshal as substitute custodian of the Freeport Princess for the pendency of its arrest;

e.  After due proceedings are had, the Freeport Princess be seized and sold to fully satisfy the outstanding obligations of the Borrowers, specifically Freeport Cruiselines, Inc., as set forth hereinabove; and

f.  Plaintiff be granted all further relief as justice and equity may permit.

Dated: New York, New York
May 3, 2022

                                       **AKERMAN LLP**

                                       By: _____
                                               Steven M. Cordero
                                       1251 Avenue of the Americas, 37th Floor
                                       New York, New York 10020
                                       Tel: (212) 880-3800
                                       Fax: (212) 880-8965
                                       steven.cordero@akerman.com
                                       *Attorneys for Plaintiff TD Bank, N.A.*

## VERIFICATION

STATE OF NEW JERSEY   )
                     ) ss
COUNTY OF HUNTERDON)

**ELLEN R. FERRARA**, being duly sworn, hereby declares and verifies under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Vice President, SBA Workout Department of TD Bank, N.A., the Plaintiff in the above-captioned *in rem* admiralty action.

2. I am familiar with the facts set forth in the foregoing Verified Complaint, on the basis of my personal knowledge and sincere belief.

3. I have authorized the filing of the foregoing Verified Complaint.

4. The foregoing Verified Complaint is true and correct to the best of my personal knowledge, information, and belief.

DATED this 28 day of April 2022.

_____
ELLEN R. FERRARA

SWORN TO BEFORE ME this 28 day of April 2022.

_____
NOTARY PUBLIC

ROSA M RODRIGUES
Notary Public - State of New Jersey
My Commission Expires Mar 23, 2026